UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
-------------------------------------------------------------------X

BRUCE FEINGERTS,

                      Plaintiff,                    **MEMORANDUM & ORDER**

            -against-                           **15-CV-2895 (NGG) (JCW)**

SANDRA MILLS FEINGERTS,

                      Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is Plaintiff Bruce Feingerts's pro se motion for a new trial pursuant to Federal Rule of Civil Procedure 59. (Mot. for New Trial (Dkt. 32).) Plaintiff requests a reconsideration of the court's dismissal of his Complaint for lack of subject matter jurisdiction, as well as a status conference in chambers. (Id.; see also Mem. & Order (Dkt. 30).) Defendant opposes Plaintiff's Motion. (Resp./Mem. in Opp'n (Dkt. 33).) For the following reasons, Plaintiff's Motion is DENIED.

**I.    BACKGROUND**

      The court assumes familiarity with the background of this litigation. (See Mem. & Order at 1-5.) In its decision dismissing the Complaint, the court found that Plaintiff had failed to show that he qualified as any of the three types of plaintiffs with standing to bring a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (Id. at 16.) Because Congress designated ERISA standing as a jurisdictional limit on the statute's coverage, the court held that it lacked jurisdiction over Plaintiff's claims and dismissed the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). (Id. at 17.) The court also denied Plaintiff's motion to disqualify defense counsel for a conflict of interest. (Id. at 16.)

In Plaintiff's Motion, he argues that: (1) he was denied the opportunity to obtain a copy of the ERISA plan at issue because the parties never engaged in a Rule 26 trial management conference (Mot. for New Trial at 1); (2) it was unfair and prejudicial for the court to allow his original counsel to withdraw from representation (id.); (3) he was not provided adequate time to secure replacement counsel (id. at 2); (4) he was prejudiced by having to proceed pro se (id.); (5) it was unfair for the court to deny his request for a status conference with his retained ethics counsel, where such counsel could have further explained Plaintiff's need for additional time to secure replacement counsel (id.); (6) he was prejudiced by not having the opportunity to cross-examine defense counsel regarding the alleged conflict of interest (id.); and (7) his original counsel never disclosed his non-practicing status with the Office of Disciplinary Counsel and refused to refund Plaintiff's advanced legal fees (id.).

## II. DISCUSSION

Rule 59 provides that a court may, upon motion, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59. Vacation of judgment under Rule 59 also may allow a party to amend his complaint post-judgment. See Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000). However, a motion under Rule 59 "should be based upon a manifest error of law or mistake of fact. Under that standard, a judgment should not be set aside except for substantial reasons." Malin Int'l Ship Repair & Drydock, Inc. v. M/V Seim Swordfish, 611 F. Supp. 2d 627, 635 (E.D. La. 2009) (internal citations omitted). Furthermore, courts do not grant Rule 59 motions "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful

error rests on the party [bringing the motion]." Sibley v. Lemaire, 184 F.3d 481, 487 (5th Cir. 1999).

Plaintiff has not demonstrated the substantial reasons that would be required for the court to open or vacate the judgment in this case. Instead, he largely reiterates the same arguments that he raised in his opposition to Defendant's motion to dismiss and in his motion to disqualify defense counsel. While the court understands that Plaintiff disagrees with the court's conclusions, he has pointed to no "manifest error of law or mistake of fact" that would justify the court's reconsideration. See Malin Int'l Ship Repair, 611 F. Supp. 2d at 635. Nor has Plaintiff requested leave to file an amended complaint.

Plaintiff is reminded that the court's dismissal of the Complaint did not address the merits of his numerous arguments; the court simply found that it lacked jurisdiction to consider Plaintiff's putative ERISA claim. (Mem. & Order at 16-17.) Accordingly, Plaintiff is not without recourse. Among other options, he retains the ability to pursue his ethics dispute with his original counsel through the state bar association, or pursue his property dispute with Defendant in state court.

### III. CONCLUSION

For the reasons set forth above, the court DENIES Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59.

SO ORDERED.

Dated: Brooklyn, New York
June 21, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3